# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MAYA D. YATES, a minor,
STUART YATES, a minor, by their parents
YOLANDA YATES and STUART YATES,

                Plaintiffs,

     v.                                                                  Case No. 06-C-665

VILLAGE OF BROWN DEER,
VILLAGE OF BROWN DEER POLICE DEPARTMENT,
CHIEF STEVEN RINZEL,
SCHOOL DISTRICT OF BROWN DEER,
BRUCE CONNOLLY, BROWN DEER MIDDLE SCHOOL,
THOMAS BUSSEY, ALGONQUIN SCHOOL,
JEFFREY C. BASS, and WAUSAU UNDERWRITERS
INSURANCE COMPANIES,

                Defendants.

# DECISION AND ORDER

In this civil action for monetary relief brought under 42 U.S.C. § 1983, the plaintiffs contend that a police interview of minors Maya and Stuart Yates while they were at school violated their constitutional rights. The defendants' motions for summary judgment and the plaintiffs' motion to amend their complaint are currently pending before the Court.[1]

---

[1] The plaintiffs also filed a motion *in limine* to exclude certain evidence from a jury trial. However, because the motion for summary judgment will be granted, the motion *in limine* will be denied as moot.

## BACKGROUND[2]

Plaintiffs Yolanda and Stuart Yates are the parents of the minor plaintiffs, Maya Yates and Stuart Yates ("Stuart Jr."). At all times relevant to this action, Maya was 10 years old and attended Brown Deer Middle School. Stuart Jr. was 5 years old and attended Algonquin Elementary School. Both Maya and Stuart Jr. resided with their parents in the Village of Brown Deer.

On August 30, 2004, the Yates's home was robbed. Stuart and Yolanda Yates were not home at the time, but Maya and Stuart Jr. were home with their great-uncle, James Triggs ("Triggs"). The masked, armed robber held Maya, Stuart Jr., and Triggs in the home during the robbery.

The day after the robbery, Stuart and Yolanda Yates went to the Brown Deer Police Department (the "Police Department"). Stuart Yates told an unidentified member of the Police Department that he did not want any police officers speaking with Maya or Stuart Jr. unless a lawyer or their parents were present. No one informed Brown Deer Police Chief Steven Rinzel that Stuart Yates made such a request.

On December 2, 2002, Brown Deer Police Officer Gary Keller ("Officer Keller") went to Algonquin Elementary School to interview Stuart Jr. about the robbery. Prior to conducting the interview, Officer Keller sought permission from Jeffrey C. Baas, Ed.D. ("Baas"), who was the Director of Elementary Education in the Brown Deer School District

---

[2] The plaintiffs did not respond to the defendants' proposed findings of fact. Accordingly, the Court will accept all of the defendants' proposed findings of fact as true for purposes of deciding the motion for summary judgment. *See* Civil L. R. 56.2(e).

("School District"). Before granting Officer Keller permission, Baas reviewed the School District Policy 6.03(1) that allows police interviews of students on school premises. Policy 6.03(1) provides, in relevant part:

> School administrator(s) shall permit law enforcement officials to question students during the school day and on school premises when, in the judgment of the school officials, there is reason to suspect a law has been violated and that a student may have information with reference to such violation, and that sufficient reason exists for the questioning to take place during school hours. Except in child abuse investigations, before questioning the student or permitting law enforcement officials to question students, the school administrator(s) shall attempt to notify the parent(s) or guardian(s) of the pending action and request their immediate presence.

After reading Policy 6.03(1) and hearing that Officer Keller was investigating an armed robbery that Stuart Jr. witnessed, Baas was satisfied that Officer Keller's request met the School District's criteria for student interviews. Baas allowed Officer Keller to interview Stuart Jr. in his office, which lasted approximately 20 minutes. Baas was present during the interview, and at no time did Baas observe Stuart Jr. appearing to be upset or frightened.

On the same day, Officer Keller also went to Brown Deer Middle School to interview Maya about the robbery. Officer Keller told the Interim Assistant Principal, Thomas Bussey ("Bussey"), that he wanted to interview Maya. Bussey told his secretary to contact Maya's parents to seek permission from them to conduct the interview. His secretary was unable to contact her parents, so Bussey directed his staff to contact Maya's teacher and to have Maya report to the school office. After Maya reported to the school office, Bussey introduced her to Officer Keller. Officer Keller then conducted his interview of Maya in a conference room,

3

which lasted approximately one hour. Bussey observed that after the interview, Maya did not appear to be upset or emotional.

Bruce Connolly ("Connolly") at all relevant times was the Superintendent of the Brown Deer School District. At no time prior to the interviews of Maya and Stuart Jr. was Connolly consulted or advised that the request for an interview had been made. Connolly only became aware of the interviews several weeks after they occurred.

**DISCUSSION**

I. The Defendants' Motions for Summary Judgment

Summary judgment is appropriate if the evidence shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will evaluate each defendant separately in determining whether summary judgment is appropriate.

    A. The Brown Deer Police Department

First, the Village of Brown Deer Police Department is not a proper defendant. Federal Rule of Civil Procedure 17(b) provides that the capacity of an entity "to sue or be sued" is determined by state law. Section 61.25 of the Wisconsin Statutes governs police departments in villages, and it does not authorize police departments to sue or be sued. As such, it is not a suable entity separate from the Village of Brown Deer. *See West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997).

4

B.  The Village of Brown Deer

The plaintiffs make allegations against the Village of Brown Deer on the basis that it ought to be held liable for the actions of Officer Keller. It is well settled that a local governing body cannot be liable for the actions of its employees through a theory of *respondeat superior*. *See Monell v. Dep't of Social Servs*., 436 U.S. 658, 691 (1978). Rather, a governing body can only be liable "when execution of a government's policy. . . inflicts the injury." *Id*. at 694. The plaintiffs do not allege that the Village of Brown Deer enforced a policy or custom that violated their civil rights, nor do they submit any evidence to support such a claim. Accordingly, the Village of Brown Deer must also be dismissed.

C.  The Brown Deer School District

The Brown Deer School District (the "School District") also is not a proper defendant. The School District, like the Village of Brown Deer, can only be held liable when the allegedly unconstitutional actions were the result of the execution of one of its policies or customs. *See Burreson v. Barneveld School Dist*., 434 F.Supp.2d 588, 592 (W.D. Wis. 2006). While the plaintiffs allege that Bussey and Baas did not properly follow School District Policy 6.03(1), they do not contend that the policy itself is unconstitutional. Thus, the School District must be dismissed.[3]

D.  Brown Deer Middle School & Algonquin Elementary School

For the same reason that the Village of Brown Deer Police Department is an improper party, Brown Deer Middle School and Algonquin Elementary School are improper parties

---

[3] Wausau Underwriters Insurance Company ("Wausau Insurance") is the insurance carrier for the Brown Deer School District, so it likewise must be dismissed from this action.

as well. While section 118.26 of the Wisconsin Statutes allows a suit to be maintained against a school district, there is no mention anywhere in the Wisconsin Statutes that suit may be brought against individual schools. Accordingly, Brown Deer Middle School and Algonquin Elementary School are not proper parties.

   E. <u>Police Chief Steven Rinzel</u>

The plaintiffs also contend in their complaint that Police Chief Steven Rinzel ("Rinzel") is liable for the alleged improper interviews conducted by Officer Keller. Rinzel is Officer Keller's supervisor, and a supervisor cannot be held liable under section 1983 on the basis of *respondeat superior*. *See Monell*, 436 U.S. at 694 n. 58. Rather, the alleged misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor. *See Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988) ("To be held liable for conduct of their subordinates, supervisors must have been personally involved in that conduct.") In the other words, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Id*. at 992.

The plaintiffs do not submit any evidence indicating that Rinzel was aware of Officer Keller's interviews. Accordingly, Rinzel must be dismissed as a defendant.

   F. <u>Bruce Connolly</u>

The plaintiffs also raise a claim against the School District's Superintendent, Bruce Connolly. Yet, Connolly was not even aware of the interviews until several weeks later. He must likewise be dismissed.

### G. Thomas Bussey & Jeffrey Baas

The only two remaining defendants are Bussey and Baas, who allowed Officer Keller to interview Maya and Stuart Jr. during school hours. While the plaintiffs never specify if they are suing Bussey and Baas in their official or individual capacities, it appears that they are suing them in their individual capacities because the plaintiffs allege that Bussey and Baas did not follow School District Policy 6.03(1).

As best as the Court can tell[4], the plaintiffs are alleging that Maya and Stuart Jr. were denied their Fourteenth Amendment right to due process when Bussey and Baas permitted Officer Keller to interview them. In order to receive protection under the Fourteenth Amendment, a person must have a protected liberty or property interest. *See Averhart v. Tutsie*, 618 F.2d 479, 480 (7th Cir. 1980).

The property interest protected by procedural due process includes the right to education when state-sponsored education is made generally available. *See Goss v. Lopez*, 419 U.S. 565, 574 (1975). No court has ever held, though, that missing a single class may constitute an education deprivation. Rather, a plaintiff must show "total exclusion from the educational process for more than a trivial period . . . ." *Id*. at 576. Maya and Stuart Jr. were not excluded from the educational process in any significant way; Maya missed an hour of class, and Stuart Jr. missed twenty minutes. The procedural due process claim, therefore, is meritless.

---

[4] The plaintiffs never elucidate the legal basis of their claim.

7

Case 2:06-cv-00665-RTR   Filed 09/28/07   Page 7 of 11   Document 54

However, perhaps the plaintiffs are alleging that Bussey and Baas violated Maya's and Stuart Jr.'s "substantive due process" right. Substantive due process, "that most amorphous of constitutional doctrines" is only implicated when the government acts arbitrarily and without reasonable justification. *See Tun v. Whitticker*, 398 F.3d 899, 900, 902 (7th Cir. 2005). It is often described as an exercise of governmental power that "shocks the conscience." *Id.* at 902. As the Supreme Court has emphasized, "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

No reasonable jury could possibly conclude that calling students out of a class, an act performed routinely by principals throughout the country, "shocks the conscience" as an arbitrary government act. Indeed, Bussey's and Baas's actions were inherently reasonable. *See Burreson*, 434 F.Supp.2d at 595.

Perhaps, instead, the plaintiffs intended to raise a state law claim alleging that Bussey and Baas violated School District Policy 6.03(1) by allowing Officer Keller to interview their children without first acquiring their permission. If that is what they are alleging, the plaintiffs fail to argue or allege how a private right of action arises out of the School District's policy.

Finally, in their complaint, Stuart and Yolanda Yates pled a cause of action for loss of society and companionship of their children. This claim is plainly frivolous. Their children were interviewed for no more than hour during school, *not* when they were with their parents. And, even if, somehow, the interview deprived them of the companionship of

8

their children, such a cause of action cannot even be maintained. The Seventh Circuit has held that unless the parents can show that the government officials deliberately aimed at interfering with the parent-child relationship, there is no constitutional cause of action for the loss of society and companionship of their children. *See Russ v. City of Chicago*, 414 F.3d 783, 790 (7th Cir. 2005) (holding that parents did not have a constitutional right to recover for the loss of society and companionship of their son who was shot and killed by police). Stuart and Yolanda Yates do not offer any evidence that Bussey or Baas specifically aimed to interfere with their parent-child relationship, probably because there was no deprivation of companionship in the first place.

II.     The Plaintiffs' Motion for Leave to File an Amended Complaint

Under the Scheduling Order entered by the Court in this case, the parties were given until December 1, 2006, to amend their pleadings. Neither party attempted to amend their pleadings prior to that deadline. After the defendants filed their motions for summary judgment in May 2007, the plaintiffs filed their response on June 27, 2007. They accompanied their response with a motion to amend the complaint. The proposed amended complaint adds Officer Keller as a party and alleges that his interviews of Maya and Stuart Jr. violated their Fourth Amendment rights. The additional allegation may state a claim upon which relief may be granted, but the Court need not address that issue because the plaintiffs' motion is untimely.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and

9

leave shall be freely given when justice so requires." Leave should be denied if there was undue delay, bad faith on the part of the movant, or undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, the plaintiffs are attempting to amend their complaint seven months after the deadline set by the Court has passed. Such a long delay results in a greater presumption against granting leave to amend. *See Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992); *Guckenberg v. Wisconsin Central Ltd.*, 178 F.Supp.2d 954, 960 (E.D. Wis. 2001). In addition, the plaintiffs do not even attempt to justify their delay. They do not offer any explanation for why they were late in filing their motion to amend. The plaintiffs have known of Officer Keller's identity since at least January 10, 2005, when Stuart Yates received a letter from Sergeant Anton Fus of the Police Department informing him that Officer Keller conducted the interviews. The plaintiffs also attached copies of Officer Keller's police reports about his questioning the Yates children to their Responses to Interrogatories dated January 31, 2007.

Without any proffered justification for their delay, the Court will not grant the plaintiffs leave to amend their complaint. Indeed, the plaintiffs moved for leave to amend *after* the defendants moved for summary judgment. This increases "the likelihood that the new claim is being added in a desperate effort to protract the litigation and complicate the defense." *Guckenberg*, 178 F.Supp.2d at 960 (quoting *Glatt v. Chicago Park District*, 87 F.3d 190, 194 (7th Cir. 1996)). The plaintiffs have not provided "reasons for thinking that the denial of the motion would work a serious injustice," and as such, their motion will be denied. *Glatt*, 87 F.3d at 194.

10

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Motion for Summary Judgment Filed by Algonquin School, Jeffery Baas, Brown Deer Middle School, Bruce Connolly, School District of Brown Deer, Thomas Bussey, and Wausau Underwriters Insurance Company (Docket No. 22) is **GRANTED**.

The Motion for Summary Judgment Filed by Village of Brown Deer, Village of Brown Deer Police Department, and Steven Rinzel (Docket No. 30) is **GRANTED**.

The Plaintiffs' Motion *in Limine* (Docket No. 36) is **DENIED**, as moot.

The Plaintiffs' Motion for Leave to File an Amended Complaint (Docket No. 46) is **DENIED**.

The clerk is directed to close this case and enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of September, 2007.

                                 **BY THE COURT:**

                                 **s/Rudolph T. Randa**
                                 **HON. RUDOLPH T. RANDA**
                                 **Chief Judge**